#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLORADO
#### Chief Judge Marcia S. Krieger

Criminal Action No. 16-cr-00352-MSK-GPG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**RODNEY PRICE,**

    Defendant.

_____

#### OPINION AND ORDER
_____

**THIS MATTER** comes before the Court pursuant to Mr. Price's Motion for Reconsideration **(# 109)** of the sentence imposed on him on September 14, 2020 **(# 105)**.

Some explication of the proceedings is required. In this action, Mr. Price pled guilty to possession of a firearm by a prohibited person pursuant to 18 U.S.C. § 922(g). The parties agree that Mr. Price was taken into federal custody on the charges in this case on January 31, 2018. Shortly thereafter, he was delivered to state authorities by writ to address pending state charges unrelated to this case. On June 28, 2018, the state court sentenced Mr. Price to 5 years in custody, albeit declaring that sentence to run concurrently to any sentence that was yet to be imposed in this case. Mr. Price immediately began serving that state sentence. Due to Mr. Price's incarceration on the state charges, this case lay dormant until December 20, 2019, when Mr. Price moved **(# 76)** to have this case set for trial or other hearing. Federal authorities (re-)took custody of Mr. Price via writ on or about January 17, 2020, and Mr. Price later pled guilty to the instant offense.

1

By motion in advance of sentencing in this case, Mr. Price moved **(# 103)** for a variant sentence. He noted his position that he believed he had been in federal custody since January 31, 2018 and his concern that the Federal Bureau of Prisons ("BOP") might not properly credit him for time spent incarcerated by the state. Mr. Price did not request specific relief or a particular form of sentence. Rather, his motion simply asked that the Court "ensure that he is properly credited time served from January 31, 2018 in this case."

At the sentencing hearing on September 14, 2020, Mr. Price noted that the pendency of the unresolved federal charges against him had impaired his ability to participate in certain programs during his incarceration on the state sentence. He also again articulated his concerns that the BOP would not treat him as having been in federal custody since January 2018, or even since January 2020.

In order to pre-empt that concern, Mr. Price and the Government agreed to request what amounted to a 27-month sentence in this case, ostensibly concurrent to the state sentence, although Mr. Price's counsel acknowledged that, at the time of sentencing (and apparently even today), "we don't really know when the state Department of Corrections is going to discharge him on that [state] sentence." Elaborating on the parties' agreement, the Government explained that it envisioned Mr. Price receiving a 51-month sentence, of which 24 months – representing the period from his arrest in January 2018 to his return to federal custody in January 2020 – would be credited against that sentence due to his incarceration by the state during that time. The remaining 27 months of that sentence would, presumably, be imposed via a federal sentence that would run concurrently with the existing state sentence. Ultimately, the Court concluded that a 55-month sentence was appropriate pursuant to 18 U.S.C.§3553. The Court further directed that "all but 31 months" – apparently the 27 months the parties agreed to as part of a 51-

month sentence, plus the 4 additional months that the Court's increased 55-month sentence – "would be concurrent" with the state sentence. "Consequently," the Court added, "the 31 months is consecutive to the state sentence." (The Court later corrected a mathematical error and adjusted that figure to 27 months concurrent and 28 months consecutive. That corrected figure is reflected in the Judgment.)

On September 24, 2020, Mr. Price filed the instant Motion for Reconsideration **(# 109)**. That motion explained that Mr. Price's state sentence remained undischarged and that it was "unknown to the parties and the Court when the BOP sentence will be determined to begin."[1] Again expressing concern as to how the BOP might choose to interpret the Court's sentence, Mr. Price asked that the Court "amend[ ] the judgment to provide clarity for the BOP, reconsider[ ] the imposition of the partially concurrent sentence or simply correct[ ] the sentence . . . to avoid future confusion by the BOP."

The Court is somewhat troubled by Mr. Price's instant motion, which is premised upon some anticipated future "confusion by the BOP" which has yet to actually occur. In that sense, the motion seems somewhat premature. Nevertheless, the Court, having reviewed the record and appraised itself of the parties' positions once again, finds that the sentence as imposed correctly reflects the Court's intentions. To elaborate, the Judgment **(# 106)** in this case directs that Mr. Price be committed to the custody of the BOP for a period of 55 months. Of that 55-month term, 27 months would be "served concurrently with [the sentence imposed in] Garfield County Court Case Number 2018cr27," and the remaining 28 months of the sentence would be "served

---

[1] The Court takes judicial notice of the fact that the Colorado Department of Corrections online Inmate Locator, http://www.doc.state.co.us/oss/, presently reports that Mr. Price was eligible for parole consideration as of November 29, 2019, and that his mandatory release date is in February 2022.

3

consecutive to" that state sentence. It is undisputed that Mr. Price has already served at least 27 months on the state charge and thus, for all practical purposes, the concurrent portion of this Court' sentence has now been discharged. However, at the conclusion of his state sentence – whenever that might be – Mr. Price will begin serving a 28-month term of imprisonment in federal custody to complete the consecutive portion of his sentence.

The Court explained its reasoning for this sentence as follows:

> I agree with the parties that by virtue of the pendency of the two cases, Mr. Price was unable to participate in some rehabilitative programs in the state system. And to that extent there should be, perhaps, a partial concurrency of the two sentences so that he is compensated for that loss. But you also take into account the fact that the crime before this court is unrelated to the crime that he committed under state law.

Consistent with this view, the Court deemed 27 months of the calculated federal sentence of 55-months incarceration would run concurrently with the state sentence that Mr. Price is serving. As the Court explained, the reason for doing so was to "compensate[ ]" Mr. Price for the fact that the unadjudicated charges in this case prevented him from participating in certain programs the state would otherwise have offered him. (The Court also intended this portion of the sentence to address, if not necessarily resolve, Mr. Price's belief that he should have been deemed to be in federal custody since January 2018, rather than January 2020 or later.)

But the Court rejected the parties' argument (and the state court's assumption) that the remaining 28-month portion of the 55-momth sentence should also run concurrently with the state sentence. As the Court explained, "the crime before this court is unrelated to the crime that he committed under state law," and thus, no justification existed for running the sentences fully-concurrently. Thus, the Court clearly intended that Mr. Price serve a sentence in this case that was distinct from – and consecutive to – his state sentence, reflecting the two distinct crimes he

4

committed.  Adopting the parties' intended sentence – that is, having a fully concurrent sentence would effectively defeat the Court's intention of imposing distinct sentences for distinct crimes.

Although the sentence imposed by the Court differs from what the parties jointly requested, the sentence imposed reflects the Court's intentions – namely, that Mr. Price serve a separate term of imprisonment for the federal crime of being a prohibited person in possession of a firearm, regardless of the length of sentence he ultimately serves on the unrelated state charges. Accordingly, the Court **GRANTS IN PART** that portion of Mr. Price's Motion for Reconsideration **(# 106)** that seeks reconsideration of the sentence imposed, but **DENIES IN PART** that motion to the extent that the Court finds that no modification of the sentence imposed is warranted.

Dated this 13th day of December, 2020.

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
Senior United States District Judge